**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN CARLOS CORONADO-BENEDITH, Petitioner, v. FERETI SEMAIA, et al., Respondents. | NO. EDCV 26-6145-AS<br><br>**MEMORANDUM DECISION AND ORDER** |

**I.**

**INTRODUCTION**

On October 17, 2026, Juan Carlos Coronado-Benedith ("Petitioner"), an immigration detainee proceeding through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") with the Declaration of Brendan Nafarrate ("Nafarrate Decl.") against: Fereti Semaia, the Warden of the United States Immigration and Customs Enforcement ("ICE") Processing Center in Adelanto, California; Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); United States Attorney General Todd Blanche; and David J.

Venturella, Acting ICE Director (collectively "Respondents"). (Docket ("Dkt.") No. 1). The Petition alleges Petitioner is being detained in violation of due process of law. (Petition, ¶¶ 22-87). Petitioner seeks, among other things, his immediate release from custody. (Petition at 29).

On October 19, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule ("Notice") requiring Respondents to file a Notice of Appearance within three calendar days and an Answer within seven days of the date of the Notice. (Dkt. No. 4). The Notice also provides that Petitioner can file a Reply within three days after Respondents file an Answer and that "[i]f any of these deadlines fall on a weekend, holiday, or day the court is closed, the deadline shall be the next business day on which the court is open." (Id.). Despite the Notice, Respondents have not timely filed a Notice of Appearance or an Answer. (See Dkt. No. 6 ("Petitioner's Notice of Non-Opposition")). Therefore, the Petition is unopposed.

The parties have consented to proceed before the undersigned Magistrate Judge in this matter. (See Dkt. Nos. 2, 5). For the reasons discussed below, the Petition is GRANTED and Petitioner is ordered immediately released from custody.

## II.

## BACKGROUND

Petitioner was born in Nicaragua on June 24, 2003. (Petition, ¶¶ 8, 13; Nafarrate Decl., ¶ 5). In 2022, Petitioner came to the United

States, presented himself to border authorities and was paroled into the country. (Petition, ¶¶ 2, 13, 30; Nafarrate Decl., ¶¶ 7-8). At that time, ICE's Intensive Supervision Appearance Program ("ISAP") provided Petitioner with a cell phone. (Petition, ¶ 15; Nafarrate Decl., ¶ 8).

Since entering the United States, Petitioner has lived in Simi Valley, California, worked in the maintenance and gardening fields, has not had any criminal convictions, and has continuously checked in with ISAP. (Petition, ¶¶ 2, 14-15, 30; Nafarrate Decl., ¶ 6). On August 11, 2025, ICE placed Petitioner on GPS monitoring. (Petition, ¶ 15; Nafarrate Decl., ¶ 10). Petitioner filed for asylum in 2026. (Petition, ¶¶ 15, 30; Nafarrate Decl., ¶ 9).

On May 11, 2026, during a routine check-in, ICE detained Petitioner without a warrant or any pre-deprivation process. (Petition, ¶¶ 3, 8, 17; Nafarrate Decl., ¶ 11). Petitioner remains detained at the Adelanto ICE Processing Center. (Petition, ¶¶ 4, 8; Nafarrate Decl., ¶ 3). Petitioner is despondent and emotionally distressed being stuck in detention. (Petition, ¶ 16; see also Nafarrate Decl., ¶ 4).

**III.**

**DISCUSSION**

Respondents' non-opposition is effectively a concession that the relief requested in the Petition should be granted. See, e.g., Espinales Martinez v. Mullin, 2026 WL 2608947, *1 (C.D. Cal. 2026) ("Respondents' failure to oppose Petitioner's due process claim is a

concession."); Maltez Reyes v. Janecka, 2026 WL 2291234, *2 (C.D. Cal. 2026) ("As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondents' failure to oppose the primary relief sought."); Li v. Warden of Adelanto ICE Processing Ctr., 2026 WL 1999293, *2 (C.D. Cal. 2026) ("Respondents' choice to not oppose Petitioner's due process claims . . . is in effect a concession that the Petition should be granted."); Guadran v. Mullin, 2026 WL 1182198, *1 (C.D. Cal. 2026) ("Respondents' non-opposition itself is a basis to grant the Petition."); Rojas v. Mullin, 2026 WL 1105039, *1 (C.D. Cal. 2026) ("[T]he court construes respondents' failure to address petitioner's due process claim as a concession."); Soleimani v. Larose, 2025 WL 3268412, *3 (S.D. Cal. 2025) ("By failing to respond to the claims . . . asserted, Respondents have conceded the claims.").

Moreover, the Court has previously found that individuals similarly situated to Petitioner were entitled to immediate release from custody because they were re-detained without due process of law. See, e.g., Andres v. Semaia, 2026 WL 2415508 (C.D. Cal. 2026); Gallosa-Zapata v. Warden, Adelanto ICE Processing Ctr., 2026 WL 2410945 (C.D. Cal. 2026); Rivera Castaño v. Blanche, 2026 WL 1915720 (C.D. Cal. 2026). Given Respondents' lack of opposition to the Petition and for the reasons set forth in Andres, Rivera Castaño, and Gallosa-Zapata, and the relevant cases cited in those opinions, the Petition is granted.

\\

\\

\\

\\

## IV.

## ORDER

Accordingly, in light of Respondents' non-opposition, and for the reasons discussed herein, the Petition (Dkt. No. 1) is **GRANTED.** Respondents shall immediately release Petitioner (A# 240-274-851) from immigration custody subject to the conditions of Petitioner's most recent order of supervision, if any, and without the imposition of any new or further restraints. Respondents are also enjoined from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.

Additionally, the Court ORDERS that Respondents shall file a declaration by no later than 5:00 p.m. on November 3, 2026, confirming Petitioner has been released from custody. IT IS SO ORDERED.

DATED: October 30, 2026

/ s / Sagar
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE